UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C. PFEIFFER,<br><br>　　　　Defendant. | Case No. 1:20-cv-00998-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS**<br><br>14-DAY DEADLINE<br><br>Clerk of the Court to Assign a District Judge |

Plaintiff Ricardo Martinez, a state prisoner proceeding *pro se*, initiated this action on July 20, 2020. (Doc. 1.) On July 27, 2020, the Court granted Plaintiff's motion to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. (Doc. 7.) Because Plaintiff accrued more than three "strikes" under section 1915(g) prior to initiating this action, and fails to show that he was in imminent danger of serious physical injury at the time he filed suit, the Court recommends that Plaintiff's IFP status be revoked.

**I.　THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

28 U.S.C. § 1915 governs *in forma pauperis* proceedings. The statute provides, "[i]n *no event shall* a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger

of serious physical injury." 28 U.S.C. § 1915(g) (emphasis added).

## II. DISCUSSION

The Court takes judicial notice of five of Plaintiff's prior actions that were dismissed for failure to state a claim on which relief can be granted[1]: (1) *Martinez v. Davey, et al.*, No. 1:16-cv-00084-LJO-BAM (E.D. Cal. Oct. 30, 2017); (2) *Martinez v. Davey*, No. 1:16-cv-01655-AWI-BAM (E.D. Cal. March 5, 2018); (3) *Martinez v. Standon, et al.*, No. 1:19-cv-00845-DAD-SAB (E.D. Cal. Dec. 11, 2019); (4) *Martinez v. Lewis, et al.*, No. 1:19-cv-00812-DAD-SAB (E.D. Cal. Dec. 16, 2019); and, (5) *Martinez v. Pfeiffer, et al.*, No. 1:19-cv-01684-DAD-SAB (E.D. Cal. March 30, 2020). These cases were dismissed before Plaintiff initiated the current action on July 20, 2020. Plaintiff is therefore precluded from proceeding *in forma pauperis* unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

Plaintiff raises a number of seemingly unrelated claims involving incidents dating back to his incarceration at Solano County Jail in 2011. (Doc. 1 at 10-16.) Plaintiff is currently incarcerated at Kern Valley State Prison (KVSP). (Doc. 1 at 8.) The following are the most recent incidents, involving events at KVSP in 2020: Plaintiff alleges that (1) on January 7, 2020, Correctional Officer Sparks placed a "Black unknown … inmate" in his holding cell to threaten him, (*id.* at 10); (2) on February 23, 2020, Correctional Officer Volker assaulted him, (*id.* at 12); (3) on April 25, 2020, Correctional Officer Lawhorn placed him in administrative segregation for a "false battery," (*id.* at 11); and, (4) on April 25, 2020, Officer Lawhorn assaulted him after he made a sexual remark regarding the officer's wife and mother. (*Id.* at 12.)

As an initial matter, the incidents above appear unrelated for purposes of Federal Rules of Civil Procedure 20 and 21. In addition, and more to the point, none of the incidents show that Plaintiff was in imminent danger of serious physical injury at the time his filed his complaint on July 20, 2020. Plaintiff is therefore prohibited form proceeding *in forma pauperis*.

///

///

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

2

### III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court DIRECTS the Clerk of the Court to assign a district judge to this action and RECOMMENDS that:

1. Plaintiff's *in forma pauperis* status be REVOKED;
2. The order granting Plaintiff's motion to proceed *in forma pauperis* and directing the director of the California Department of Corrections and Rehabilitation or his designee to collect payments for the filing fee from Plaintiff's inmate trust account (Doc. 7) be VACATED; and,
3. Plaintiff be required to pay the $400 filing fee in full within 30 days to proceed in this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 4, 2021**            /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE