UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICARDO MARTINEZ,

    Plaintiff,

    v.

C. PFEIFFER,

    Defendant.

No. 1:20-cv-00998-NONE-SKO (PC)

ORDER DISMISSING ACTION FOR FAILURE TO PAY FILING FEE

    Plaintiff Ricardo Martinez is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On March 3, 2021, the court issued an order revoking plaintiff's *in forma pauperis* status and directing plaintiff to pay the required filing fee of $402 within 30 days. (Doc. No. 19.) In its order, the court confirmed that prior to filing suit, plaintiff had accrued more than three "strike" dismissals under 28 U.S.C. § 1915(g), and that plaintiff did not satisfy the imminent danger exception to the three strikes rule. (*Id.*) The court cautioned plaintiff that "[f]ailure to pay the filing fee in full within the time provided will result in dismissal of this action." (*Id.* at 3.) Plaintiff has not paid the filing fee, and the time to do so has passed. Instead, on March 18, 2021, plaintiff filed a document entitled "objections," (Doc. No. 21), in which he appears to provide further legal argument in opposition to him being required to pay the filing fee in connection with

1    this action. In that document, plaintiff alleges that he was assaulted by staff at Kern Valley State

2    Prison in February, April, November, and December of 2020.[1] (*Id*. at 2.) Plaintiff also mentions

3    having been placed in administrative segregation on multiple occasions, most recently in April of

4    2020. (*Id*. at 1-2.)

5    Although it is not entirely clear, plaintiff is presumably suggesting that the court erred in

6    concluding that he did not satisfy the imminent danger exception. The court thus construes the

7    document as a motion for reconsideration of its order revoking plaintiff's *in forma pauperis* status

8    and, specifically, its finding that plaintiff failed to satisfy the imminent danger exception under §

9    1915(g). Pursuant to Local Rule 230(j), a party seeking reconsideration must specify "what new

10   or different facts or circumstances are claimed to exist which did not exist or were not shown

11   upon such prior motion, or what other grounds exist for the motion." In this regard, the court

12   notes that it already considered the assaults that plaintiff alleges he was the victim of in February

13   and April of 2020, and plaintiff's alleged placement in administrative segregation in April of

14   2020, before finding that plaintiff failed to satisfy the imminent danger exception. (Doc. No. 15

15   at 2; *see also* Doc. No. 19 at 2.) The court does not consider the assaults that plaintiff alleges

16   took place in November and December of 2020, since plaintiff filed his complaint in July of

17   2020, and "the availability of the [imminent danger] exception turns on the conditions a prisoner

18   faced at the time the complaint was filed, not at some earlier or later time." *Andrews v.*

19   *Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007); *see also Ibrahim v. D.C.*, 463 F.3d 3, 6 (D.C.

20   Cir. 2006) (to determine whether a plaintiff qualifies for imminent-danger exception, "we look to

21   the complaint"). Thus, with respect to the allegations the court may properly consider in making

22   the determination of whether the exception applies to him, plaintiff does not present any new or

23   different facts or circumstances that the court has not already considered.

24   More generally, plaintiff does not provide sufficient facts regarding the alleged assaults in

25   February and April of 2020 to show that he was under imminent danger in July of 2020. In his

26   motion for reconsideration, plaintiff merely states, "on 2/23/20, Officer R. Volkner assault[ed]

27   plaintiff; on 4/25/20, Officer D. Lawhorn assault[ed] plaintiff." (Doc. No. 21 at 2.) These

28

---

[1] Plaintiff is currently incarcerated at R.J. Donavan Correctional Facility. (Doc. No. 22.)

statements are "conclusory and not supported by specific and credible allegations." *Dustin v. Childres*, No. 1:20-cv-00422-NONE-SAB, 2020 WL 5326667, at *1 (E.D. Cal. 2020) (citing *Childs v. Miller*, 713 F.3d 1262, 1267 (10th Cir. 2013)); *see also White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998) ("[V]ague and utterly conclusory assertions" of imminent danger are insufficient). Although plaintiff provides more detail regarding the incidents in his complaint (Doc. No. 1 at 12), the allegations therein still fail to show that plaintiff was under imminent danger when he filed his complaint in this action in July of 2020. The court therefore does not find justification to reconsider its order revoking plaintiff's *in forma pauperis* status, or its finding that plaintiff's allegations fail to satisfy the imminent danger exception to the three-strikes bar.

Plaintiff's motion for reconsideration implies that he does not intend to pay the filing fee. (Doc. No. 21 at 3.)

Accordingly,

1. This action is dismissed without prejudice due to plaintiff's failure to pay the required filing fee; and,
2. The Clerk of the Court is directed to assign a district judge to this case for the purposes of closure and to close this case.

IT IS SO ORDERED.

Dated: **May 15, 2021**

UNITED STATES DISTRICT JUDGE